The Vice-Chancellor.
By the statutes regulating appeals and by the 116th rule of this court, the effect of Mr. Henry’s appeal from the decree in the former suits, is to stay all further proceedings in the court of chancery upon the decree, and upon the subject matter embraced therein. (2 R. S. 178, § 59 to 61 ; ibid. 605, § 80 to 86.)
This suit, however, is in no sense founded upon that decree. It is a distinct original suit, which seeks to enforce a claim unaffected by the decree ; a claim that may be enforced on the one hand, and resisted on the other, precisely as if the former suits had never existed.
Does this bill proceed, “ upon the subject matter embraced” in the decree appealed from ?
I think it does not, for two reasons. 1. In the former suit brought by Mr. Henry, the demand now in question was interposed by way of defence, to be made a set-off in the accounting which would ensue between the parties, in the event of his succeeding. If on his appeal, he shall reverse the decree dismissing that bill, and obtain an order for an account; he may either shut out the consideration of this demand, by the order itself on *394 a suggestion to the court, or apply by motion to compel Mr. Wilkes to elect whether he will proceed with this suit, or will abandon it and rely upon the demand under his answer in the first suit. Thei decree appealed from, decides nothing whatever in respect of this demand ; and its reversal will not' necessarily lead to any decision on the same. Thus the demand is not the subject matter of the decree in the original suit.
Still less can it be so considered, in behalf of Mr.- Henry, in respect of the decree as affecting the cross suit. As to that, the decision was in Mr. Henry’s favor, and by the lapse of time has become conclusive upon Mr. Wilkes. True, the former has appealed from the whole decree, which literally embraces the part of it in his favor, as well as that which is adverse to him. But such is not its substantial effect.
He may waive any portion of his appeal, and the appellate court will not interfere with the parts of the decree to which the waiver applies, unless it be indispensable in order to do complete justice between the parties in respect of some provision of the decree which remains subject to the appeal and is found to be erroneous. No such necessity exists in respect of the dismissal of the cross bill. Nor is this all. Mr. Henry may, when he pleases, dismiss his appeal.
In the mean time, while it is pending, Mr. Wilkes’s demand may become barred by the statute of limitations. This court has no dispensing power over that statute, and it .would be no answer to a defence founded upon it, to show that Mr. Henry appealed from a decree in his favor on a former occasion when this demand was prosecuted ; and while his appeal was pending, a new suit could not be brought. The same result will inevitably ensue, if the appeal should continue a few years, and the decree be finally affirmed.
These considerations, as well as the language of the statute itself, satisfy me that this suit is not for the subject matter embraced in the decree appealed from.
2. There is another ground for regarding the suit as one not affected by the statute regulating appeals.
The stay granted, is of proceedings in the court of chancery upon the decree and its subject matter. It does not in terms *395 extend to any other court. Hence if in this case, Mr. Wilkes had a remedy at law, even if his demand were the subject mab ter of the decree, the appeal would not prevent his commencing a suit at law for its recovery.
The court of law might, and probably would, stay his pro-: ceedings on motion, but that would rest in its discretion.
Does not this show that the statute refers not so much to the court, as it does to the identical suit in which the decree was made ?
Such is my opinion, and I find that it has the sanction of the chancellor.
In Hart v. Mayor, &c. of Albany, 3 Paige, 381, 385, in a very able examination of the effect of appeals in England, and in this state both before and since the revised statutes, he says it was not the intention of the legislature to extend the stay of proceedings by an appeal in a suit to any other proceedings of the respondent, except those in the court of chancery and in that suit. And he subsequently repeats, that as he understands the provision of the statute, the stay is confined to proceedings in. the suit in which the decree appealed from is made.
This leaves the court of chancery to deal with a new suit, precisely as I have observed that a court of law would in a like case, by exercising its discretion as to a stay pending the appeal in another suit. And this is perfectly right.
In the instance before me, it is contrary to all reason that Mr, Wilkes having failed in his cross suit, should be precluded by his opponent’s appeal, from instituting any new proceeding to enforce his demand. Mr. Henry has given no security which embraces the payment of this claim, and yet it is insisted that it shall be stayed or suspended, at the peril of its becoming worthless, or being barred by lapse of time, while the appeal is pending ; and whether the decree be finally affirmed, as Mr. Wilkes has reason to expect, or Mr. Henry shall ultimately dismiss his appeal, there will still have to be a suit to determine the controversy presented by the bill in this cause.
And the same consequence must ensue from the reversal of the decree, if it be confined to those provisions of it which are adverse to the appellant.
*396 The plea must be overruled, and the defendant must pay the' costs and answer the bill in twenty days.